Michael B. O'QUINN, Appellant,

v.

E. K. BEANLAND, Appellee.

No. 15517.

Court of Civil Appeals of Texas,
San Antonio.

July 28, 1976.

Terry Topham, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellant.

Kenneth Beanland, San Antonio, for appellee.

CADENA, Justice.

Defendant, Michael B. O'Quinn, individually as heir and as devisee of the separate and community estates of his deceased parents, and as independent executor of the estate of Margaret Eleanor O'Quinn, appeals from that portion of the judgment of

the trial court which rejected his prayer, embodied in a counterclaim in response to a suit filed by plaintiff, E. K. Beanland, for recovery of double the amount of usurious interest.

Plaintiff filed this suit to recover on a promissory note, in the amount of $1,791.29, executed by defendant's deceased father, E. B. O'Quinn, on January 27, 1970. In his answer, defendant alleged that his father, at the time he executed the note, was mentally incompetent. He also filed a counterclaim alleging usury, for recovery, under Article 5069–1.06(1), Tex.Rev.Civ.Stat.Ann., of double the amount of the interest called for by the provisions of the note. No payments were made on the principal or interest due on the note in question.

The trial court found that the note in question was tainted by usury and rendered judgment that plaintiff take nothing. However, the trial court also denied defendant recovery on his counterclaim "because the defendant has not done equity by returning the principal amount of the note to the plaintiff."

■ Plaintiff has not perfected an appeal from the portion of the judgment denying him recovery on the note, and we need not concern ourselves with the correctness of that part of the judgment. But defendant, by this appeal, insists that the trial court erred in not awarding him judgment for double the amount of the interest called for by the note.

For the purpose of this opinion, we assume that the note called for the payment of usurious interest. We consider the question of whether the maker of a note, or, as in this case, his successor in interest, can recover twice the amount of usurious interest when no payments have been made on the note and a judgment has been obtained cancelling the note because of the mental incompetence of the maker.

■ As far as this case is concerned, the highest interest rate permitted by law is 10 per cent per annum. Article 5069–1.02. If the note called for the payment of interest in excess of 20 per cent per annum, then,

under the provisions of Article 5069–1.06(2), plaintiff would not only be liable for double the amount of the interest, but would also forfeit the principal. Since defendant does not contend that the interest charged exceeded 20 per cent, it is clear that the presence of usury did not bar plaintiff's recovery of the principal, although defendant, of course, would have been entitled, as an offset, to the penalty provided for in Article 5069–1.06(1). Therefore, the judgment denying plaintiff recovery on the note cannot be justified on the ground that the note provided for payment of usurious interest. The judgment relieving defendant of liability on the note can rest only on the mental incompetency of the maker at the time the note was executed.

In *Commerce Trust Co. v. Ramp*, 135 Tex. 84, 138 S.W.2d 531, 534 (1940), the applicable rule was stated as follows: " 'The general principle determining when an indebtedness infected with usury is to be deemed disinfected . . . [is]: If the tainted obligation is with the full knowledge and consent of the borrower, finally canceled or abandoned, and a new obligation, containing no part of the usury, is executed in legal form, and supported solely by the moral obligation resting upon the borrower to pay the money actually received with legal interest thereon, such new obligation is valid and enforceable. . . .' "

■ It is true that the rule stated in *Ramp* contemplates (1) cancellation of the obligation tainted by usury and (2) the creation of a new obligation free from such taint as necessary to the purging of the contract of usury. Here, we have no new obligation, but only the cancellation of the tainted contract. Since such cancellation was the result of defendant's successful plea of mental incompetency, the cancellation was accomplished with the full knowledge and consent of defendant. The fact that defendant, instead of being relieved only of the obligation to pay usurious interest, has, by his efforts, relieved himself of all liability under the usurious contract, cannot be relied on to support a holding to the effect that the cancellation of the obli-

gation under the infected contract has not had a disinfecting effect. It cannot be persuasively argued that a partial cancellation of the debtor's obligation under a usurious contract purges the contract of usury, while a complete cancellation does not. We conclude that defendant, by successfully avoiding, on the ground of mental incompetency, all obligation under the note, lost his right to assert his cause of action based on the usurious character of the instrument.

In view of our holding to the effect that defendant was not entitled to recover on his counterclaim, it becomes unnecessary to consider defendant's points asserting that the trial court erred in permitting plaintiff to file a trial amendment and in refusing to make the additional findings of fact requested by defendant. Even if we agreed with defendant's contention that these actions of the trial court constituted error, such error must be considered harmless, since the denial of defendant's counterclaim must be upheld even if the trial amendment had not been allowed and the requested findings had been made.

The judgment of the trial court is affirmed.