Sandra G. BARNES, Appellant,

v.

WENDY'S INTERNATIONAL, INC., Appellee.

No. B14–92–00677–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 1993.

Rehearing Denied July 15, 1993.

James D. Guiffre, Houston, for appellant.

Scott W. MacLaren, Dallas, Bernard T. Klimist, Victoria, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from the granting of a summary judgment. In two points of error, appellant asserts that the trial court committed reversible error in granting the summary judgment motion because: 1) a fact issue existed as to whether appellee owed a duty to appellant, and if so, whether that duty was breached, and; 2) there was a question of fact about whether or not appellant was a third party beneficiary of the franchise agreement between appellee and the other defendants in the original suit. We affirm.

Appellant filed suit against appellee for injuries she allegedly sustained as the result of a fall in one of appellee's franchise restaurants in Conroe. Appellant was an employee of the restaurant at the time of her accident, and asserted that she slipped due to an accumulation of water on the floor in the kitchen area of the facility, caused by leaking plumbing fixtures. Also joined in the suit were South Houston Food Corporation, Texokclare, Inc., and Jerry R. Boyd, (Franchisee/lessee), the collective Franchisee and Lessee of appellee. Appellee reserved certain rights in both the franchise and lease agreements between the parties, which appellant claimed created a legal duty to her under both negligence and breach of contract theories. Appellee filed a motion for summary judgment alleging that it owed no duty to appellant under either principle of recovery, because the agreements between the parties placed ownership and control with the franchisee, appellant was the employee of the Franchisee/lessee, not appellee, and that the restaurant was operated by the Franchisee/lessee. The trial court granted appellee's motion for summary judgment.

In point of error one, appellant claims the trial court committed reversible error in granting appellee's summary judgment motion because a genuine issue of material fact exists relative to whether or not appellee owed a duty to appellant, and whether such duty, if any, was breached, thus precluding summary judgment relief.

In a negligence cause of action, the plaintiff must prove that the defendant owed a duty to plaintiff, the defendant breached that duty, the breach was the actual and proximate cause of appellant's injuries, and damages resulted. *See Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex.1976). It would follow, then, that no legal liability can arise from any alleged negligence where no duty exists. Generally, whether a duty exists is a question of law to be determined by the trial court. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). On the other hand, whether *facts* giving rise to a duty exist, is a question for the fact finder, and usually cannot be determined by a motion for summary judgment. *See Fuqua v. Taylor*, 683 S.W.2d 735, 737 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). However, a party is entitled to summary judgment relief as a matter of law upon a showing that there is no genuine issue of material fact as to one or more elements of the plaintiff's cause of action. *See Beall v. Lo–Vaca Gathering Co.*, 532 S.W.2d 362 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Appellant contends that certain clauses in the lease agreement between the appellee and the other defendants/franchisee created a duty to her because appellee maintained significant control of the restaurant premises. Specifically, appellant notes language in the agreement pertaining to appellee's right to enter the premises in case of the franchisee's default of the lease, and the agreement of the franchisee/lessee to keep the premises in good condition. Appellant argues that this language created a duty on behalf of appellant to inspect the facility and insure that the franchisee complied with the lease agree-

ment, and such duty extended to appellant. We disagree.

In Texas, a landlord is not responsible or liable for any injuries sustained by a tenant or its employees which occur in areas controlled by the tenant, or where the landlord has not otherwise agreed to make repairs. *George v. City of Fort Worth*, 434 S.W.2d 903, 907 (Tex.App.— Fort Worth 1968, writ ref'd n.r.e.). The lease agreement between appellee and the other defendants in this suit provided, in pertinent part, that it was the

> "obligation of the *lessee/franchisee* to maintain the entire premises including the restaurant and any other improvements now or hereafter existing therein or thereon in good condition ... *lessee's* obligations to maintain and repair includes ... but is not limited to, the maintenance and repair and/or replacement of the following: the ... floor, ... plumbing systems ..." (emphasis added).

It is undisputed that the alleged injury occurred in the franchise operated by Boyd and the other defendants, excluding appellee. By appellant's own admission, the premises defect which led to her injuries was caused by the leaking plumbing, which clearly was under the control of the lessee/franchisee pursuant to the lease agreement. Furthermore, the agreement provided that the lessee, not appellee, be solely responsible for the repairs of the floor and plumbing.

Appellant further argues that appellee reserved a certain amount of control under the lease agreement which gives rise to a duty to maintain the premises. We interpret the agreement to the contrary. Appellee merely reserved in a lease agreement a right to re-enter the premises in case of default. It did not agree to inspect before notice of default, nor did it agree to insure that the lessee maintain the premises prior to notice of a default. In light of the relevant lease provisions, we find the trial court did not err in granting appellee's motion for summary judgment based on the absence of a duty to appellant, since that determination is a question of law and completely within the realm of authority of the trial court. Since we agree with the trial court's judgment that no duty existed on behalf of appellee under the facts of this case, we find it unnecessary to address whether appellee breached any duty owed to appellant. Accordingly, we overrule point of error one.

Appellant contends in her second point of error that the trial court abused its discretion in granting the motion for summary judgment because a genuine issue of material fact existed with regard to whether appellant was a third-party beneficiary of the franchise agreement between appellee and the franchisee/lessee. Specifically, appellant points to language in the agreements whereby the franchisee/lessee agreed to carry any worker's compensation insurance required by law, and maintain the safety of the premises.

Generally, a contract only confers rights and duties upon the actual parties to the contract. Occasionally, however, parties may contract not only for their own benefit, but also for the benefit of a third-party. *See Republic National Bank v. National Bankers Life*, 427 S.W.2d 76 (Tex.App.—Dallas 1968, writ ref'd n.r.e.).

In the present case, appellant contends she is an intended third-party beneficiary of the franchise agreement between appellee and the franchisee/lessee because: 1) she is not a party to such agreement which was signed by the aforementioned parties, and: 2) she is an employee of the franchisee whose rights are affected by the safety and insurance provisions contained in the lease and franchise agreements. That is to say that appellee could find the franchisee/lessee in default if the provisions were not met.

This court has previously held that a court should not construe a contract as having been made for the benefit of third parties unless it clearly appears that this was the intention of the parties. *Economy Forms v. Williams Bros. Constr.*, 754 S.W.2d 451, 455 (Tex.App.—Houston [14th Dist.] 1988, no writ). Thus, a party must be an *intended* beneficiary in order to have

standing to enforce a contract. *See Republic* 427 S.W.2d at 80.

 Appellant's argument that she was the intended third-party beneficiary of the franchise and lease agreements fails on two grounds. First, neither of the agreements contain a clear intent to contract or confer a direct benefit to appellant. *See MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4 (Tex.App.—Corpus Christi 1988, writ ref'd n.r.e.). Thus, at most, appellant is an incidental beneficiary, who may reap the rewards of a contract between two other parties, but who may not bring suit to enforce it herself. *Republic* 427 S.W.2d at 80. Furthermore, with respect to the insurance provisions of the franchise agreement, there is no requirement that the franchisee procure worker's compensation insurance. The agreement merely provides that the franchisee do so if applicable law requires it. In Texas, employers are not required to maintain worker's compensation insurance, but only to be able to respond with adequate assets in case of a claim against them. *Hodge v. BSB Investments, Inc.*, 783 S.W.2d 310, 312 (Tex. App.—Dallas 190, writ denied). By including in the lease agreement a requirement that lessee comply with the law, the lessor does not assume the status of a third-party benefactor.

Finally, even if the agreements could be interpreted as to require the franchisee/lessee to provide insurance, the obligation would be on the franchisee, not appellee. If appellant did have standing to enforce the contract, which we do not find, she could only enforce it against the franchisee, since that is who was obligated to provide the insurance. There were no provisions in the contract which required appellee to provide the insurance in the event the franchisee failed to do so, and, as we have already discussed, there was no duty on appellee to ensure the safety of the restaurant in the event the franchisee was unable to do so. Appellant simply was not an intended third-party beneficiary of the agreements between appellee and the other defendants of the lawsuit. We, therefore, find that the trial court did not err in granting the appellee's motion for summary judgment on the grounds that no material fact issue existed with regard to the third-party beneficiary status of appellant. Point of error two is overruled.

The judgment of the trial court is AFFIRMED.