Ida Marie O'BRYANT, Appellant,

v.

**CENTURY 21 SOUTH CENTRAL STATES, INC., Appellee.**

No. C14–94–00147–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 16, 1995.

Ralph Ray Gregory, Jr., Houston.

Jennifer Bruch Hogan, Joy M. Soloway, Fulbright & Jaworski, Houston.

Before MURPHY, YATES and FOWLER, JJ.

**OPINION**

MURPHY, Justice.

Appellant Ida Marie O'Bryant brings this appeal from a summary judgment in favor of

appellee Century 21 South Central States, Inc. In one point of error, she challenges the sufficiency of the proof to support the trial court's ruling. We affirm.

Two representatives of Century 21 Newhouse and Associates (Newhouse) leased a house to appellant in a residential neighborhood. Approximately one month into the lease arrangement, an intruder entered the leased premises and sexually assaulted appellant. Appellant brought suit against the homeowners and Newhouse, alleging negligence and numerous violations of the Texas Deceptive Trade Practices Act. Because appellee was the franchisor that provided a Century 21 franchise to Newhouse, appellant amended her petition to include appellee, alleging that an agency relationship existed between Newhouse and appellee which imposed vicarious liability on appellee for the negligent acts of Newhouse. Upon appellee's motion, the trial court granted summary judgment.

■ A defendant is entitled to summary judgment if it can establish with competent proof that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The standards in reviewing summary judgment proof are:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true; and

(3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ In order to prove the existence of an agency relationship, Texas law requires the party asserting agency to prove the principal has both the right to assign the agent's task and the right to control the means and details by which the agent will accomplish the task. *Webster v. Lipsey*, 787 S.W.2d 631, 635 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Johnson v. Owens*, 629 S.W.2d 873, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Furthermore, the right of control must pertain to a task or matter material to the lawsuit. *E.g., Johnson*, 629 S.W.2d at 875; *see also Exxon Corp v. Tidwell*, 867 S.W.2d 19, 23 (Tex.1993) (stating that "the nature of the matters to which the right of control extends [is] determinative"); *Barnes v. Wendy's Internat'l Inc.*, 857 S.W.2d 728, 730 (Tex.App.—Houston [14th Dist.] 1993, no writ).

■ The issue here, then, is whether appellee carried its burden to show that no genuine issue of fact existed as to whether appellee had the right to control Newhouse in matters material to this lawsuit. Appellant outlined the matters material to this lawsuit in her fourth amended petition in which she alleged that Newhouse and its agents were guilty of negligence as follows:

In failing to insure that the locks of the leased premises were all in working condition.

In failing to warn the Plaintiff that the necessary repairs to all defective locks would not be accomplished within a reasonable time.

In failing to provide adequate security for the safety of Plaintiff and her property.

In making false representations that the leased premises and neighborhood were safe, when in fact they were not.

In failing to warn Plaintiff about prior crimes committed on and around the leased premises.

In failing to timely remove the locksafe from the back gate of the leased premises.

In making false representations about the condition of the leased premises.

To support its motion for summary judgment, appellee attached its franchise agreement with Newhouse, which expressly states:

Neither CENTURY 21 Regional nor CENTURY 21 International shall regulate the hiring or firing of Franchisee's sales-

people, the parties from whom Franchisee may accept listings or for whom Franchisee may sell property, the commission rates charged by Franchisee, the commission splits between Franchisee and Franchisee's salespeople, *the details of the work performed by Franchisee or its sales associates, the manner in which Franchisee obtains listings or sells property, the working conditions of Franchisee's salespeople, or Franchisee's contracts with customers,* except to the extent necessary to protect the CENTURY 21 Marks, trade names and goodwill associated therewith. *The conduct of Franchisee's business shall be determined by its own judgment and discretion,* subject only to the provisions of this Franchise Agreement and the P & P Manual as it shall be adopted or revised from time to time. (emphasis added)

Additionally, the franchise agreement specifically provided that "Franchisee [Newhouse] is and shall be an independent contractor and nothing herein contained shall be construed so as to create an agency relationship...."

While neither party controverts the plain meaning of the franchise agreement, appellant asserts that the practical effect of the franchise arrangement is to give appellee the right of control over the day-to-day operation of Newhouse and its representatives. Nevertheless, to overcome the express clause of no agency relationship in the franchise agreement, appellant must produce proof to show that the true operating agreement was one which vested the right of control in appellee. *See Tidwell,* 867 S.W.2d at 21–22 n. 3 (quoting *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 592 (Tex.1964)); *Walker v. Federal Kemper Life Assur. Co.,* 828 S.W.2d 442, 451 (Tex.App.—San Antonio 1992, writ denied).

Appellant cites as proof the mandatory language of the agreement and the franchise terms which specifically provide for appellee to control Newhouse's use of appellee's trade name, the location, hours, and the appearance of the franchised business, as well as other provisions related to the operation of a franchised business. Appellant also relies on certain provisions of the Policy and Procedures Manual, portions of deposition testimony, and correspondence from appellee concerning Newhouse's deviation from the franchise agreement as proof of appellee's right of control over the day-to-day operations of Newhouse. However, appellant presented no summary judgment proof that appellee had the right of control over any of the matters complained of by appellant. On the other hand, the deposition testimony of a Century 21 executive vice-president, also attached to appellee's motion for summary judgment, confirmed that appellee did not have the right of control over the manner in which Newhouse listed, sold, or leased residential properties, or the terms of employment of Newhouse's agents and employees. Therefore, the trial court correctly found that there was no genuine issue of material fact and properly granted appellee's motion for summary judgment. Appellant's point of error is overruled.

We affirm the judgment of the court below.