Marta A. LENTINO, Eduardo P. Lentino,
and Jorge A. Lentino, Appellants,

v.

CULLEN CENTER BANK AND
TRUST, Appellee.

No. 14–94–00175–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 29, 1996.

Rehearing Overruled April 18, 1996.

Scott Rothenberg, Bellaire, for appellants.

Richard T. Howell, Jr., Houston, Warren W. Harris, Houston, Jill M. Tillman, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and FOWLER, JJ.

## OPINION

MURPHY, Chief Justice.

Appellants, Marta A. Lentino, Eduardo P. Lentino, M.D., and Jorge A. Lentino, M.D., appeal from a partial summary judgment and jury verdict in favor of appellee, Cullen Center Bank and Trust. Appellants bring six points of error, contending: (1) the trial court improperly granted appellee's motion for partial summary judgment; and (2) the trial court erred by overruling appellants' motion to modify, correct, or reform the judgment when there was insufficient evidence or no evidence to support the jury's verdict. Appellants also request that in the event this case is reversed and remanded, this Court reverse the awards of prejudgment and postjudgment interest, attorney's fees, costs of court, and several postjudgment orders by the trial court relating to the seizure of appellants' property. We reverse and remand for a trial on the merits.

In November 1982, Eduardo and Jorge Lentino individually executed separate promissory notes for $150,000 to appellee in order to finance their bank stock purchases. Both notes were renewed in November 1983. On December 14, 1984, Eduardo and Jorge Lentino and four other parties, jointly and severally, executed a new promissory note to appellee in the original amount of $2,252,250. Also on that day, Eduardo and Jorge Lentino executed guarantee agreements in favor of Cullen that unconditionally guaranteed payment of the $2,252,250 note. Appellee advanced no additional funds to appellants as consideration for increasing their obligation.

In February 1986, appellee filed individual suits against Jorge and Eduardo Lentino for default on the December 1984 note, which matured on November 30, 1985. In March 1987, both Eduardo and Jorge Lentino entered into separate compromise settlement agreements with appellee. According to the terms of these agreements, Eduardo and Jorge agreed to execute new promissory notes to pay appellee $148,842 and $171,186.29, respectively. The compromise settlement agreements further provided that: (1) appellee would pay Eduardo and Jorge each $10 and release them of their joint and several liability under the 1984 note and guaranty agreements; (2) if Eduardo or Jorge defaulted on their notes, the defaulting party could be liable for the outstanding balance on the original 1984 note; and (3) Eduardo and Jorge waived all affirmative defenses and causes of action relating to the loan documents in the underlying lawsuit.

Both Eduardo and Jorge subsequently defaulted on their 1987 notes, and in 1990, appellee filed separate lawsuits to collect on these notes. The trial court entered final judgments in favor of appellee and awarded actual damages, prejudgment interest, attorneys fees, costs of court, and postjudgment interest. During postjudgment discovery, however, appellee allegedly discovered fraudulent transfers by Jorge, Eduardo and Marta Lentino made during the time the compromise settlement agreements were executed. Appellee subsequently filed this suit, claiming fraud, fraudulent transfers, breach of contract, conspiracy, negligence, and negligent misrepresentation. The appellants responded with a general denial and asserted

several affirmative defenses, including usury. The appellants also filed counterclaims alleging usury, slander of title, unreasonable collection efforts, and intentional infliction of emotional distress.

In June 1993, Cullen filed a motion for partial summary judgment, requesting the trial court to hold that the compromise settlement agreements barred appellants' "affirmative causes of action" which relate to the underlying loan documents. Following the appellants' response, appellee filed its reply, clarifying that the compromise settlement agreement barred all of the Lentinos' claims *and* affirmative defenses. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) (indicating that specific grounds for summary judgment may be stated in movant's reply in order to comply with rule of civil procedure 166a(c)). The trial court subsequently granted appellee's motion and held the compromise settlement agreements barred all of appellants' causes of action and affirmative defenses.

The parties proceeded to trial and at the close of evidence, the trial court directed a verdict in favor of appellee as to its claims for breach of the compromise settlement agreements. The trial court also rendered judgment on the jury's verdict, which addressed other issues, and awarded $1,817,-525.42 in actual damages and $2,500,000 in exemplary damages against each Jorge and Eduardo Lentino, along with attorneys' fees, prejudgment interest, postjudgment interest and costs of court.

In their first point of error, appellants contend the trial court improperly granted appellee's motion for partial summary judgment, in part, because a fact issue exists as to whether the 1984 note was usurious. Appellants argue that if the 1984 note was usurious, the compromise settlement agreements were void because they failed to purge the usury contained in the 1984 note. *See Commerce Trust Co. v. Ramp*, 135 Tex. 84, 138 S.W.2d 531, 534 (1940), *overruled on other grounds*, 561 S.W.2d 777 (Tex.1977); *see also* Tex.Rev.Civ.Stat.Ann. art. 5069–1.02 (Vernon 1987) (stating that all usurious contracts are contrary to public policy); *Ferguson v. Tanner Development Co.*, 541 S.W.2d

483, 493 (Tex.Civ.App.—Houston [1st Dist.] 1976), *rev'd on other grounds*, 561 S.W.2d 777 (Tex.1977) (stating that contracts which are contrary to public policy are void). Accordingly, appellants maintain that no summary judgment could be based on a void instrument.

 The movant for summary judgment has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant must be taken as true. *Id.; O'Bryant v. Century 21 S. Cent. States*, 899 S.W.2d 270, 271 (Tex. App.—Houston [14th Dist.] 1995, no writ). Further, we indulge every reasonable inference in favor of the non-movant and resolve any doubts in his favor. *O'Bryant*, 899 S.W.2d at 271; *Edwards v. Garcia–Gregory*, 866 S.W.2d 780, 783 (Tex.App.—Houston [14th Dist.] 1993, writ denied). If the movant's motion and summary judgment proof facially establishes his right to judgment as a matter of law, then the burden shifts to the non-movant to raise fact issues precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Moreover, if the non-movant relies on an affirmative defense to defeat summary judgment, he must present summary judgment proof sufficient to raise a fact issue as to each element of that defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *see also Wilson v. General Motors Acceptance Corp.*, 897 S.W.2d 818, 823 (Tex.App.—Houston [1st Dist.] 1994, no writ).

 The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower. *First Bank v. Tony's Tortilla Factory*, 877 S.W.2d 285, 287 (Tex.1994); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982); *Blasdell v. Catalina*, 858 S.W.2d 653, 655 (Tex.App.—Houston [14th Dist.] 1993), *rev'd on other grounds*, 881

S.W.2d 295 (Tex.1994). In the present case, neither side disputes that appellee loaned Eduardo and Jorge Lentino only $150,000 each, with obligations to repay the entire amounts. Appellee, however, contends that appellants failed to present sufficient summary judgment proof demonstrating usurious interest.

■ In support of its argument, appellee relies heavily on *Sorrells v. Giberson,* 780 S.W.2d 936, 938 (Tex.App.—Austin 1989, writ denied), which stands for the proposition that a possessor of a promissory note who *moves* for summary judgment against the maker of the note must present certain proof to establish he is entitled to judgment as a matter of law. Specifically, the possessor of a note must either: (1) include the note in the summary judgment proof; or (2) establish the terms of the note by affidavit or other proper summary judgment proof. *Id.* Appellee now contends that appellants' proof was insufficient to support their usury defense because: (1) the 1982 and 1983 notes were absent from the summary judgment record; and (2) appellants' affidavits failed to state the relevant terms of the 1982 and 1983 notes. *See id.*

■ Upon review of the record, however, we find *Sorrells* to be inapposite. In the present case, appellants were the *non-movants,* and thus, their only burden was to demonstrate a fact issue as to each element of their usury defense. *See Brownlee,* 665 S.W.2d at 112. Unlike the *movant* for summary judgment in *Sorrells,* appellants were not required to establish conclusively each element of their defense. Accordingly, appellants were not required to show the terms of the notes, such as payment schedule, maturity date, interest rate, default provisions, acceleration terms, and notice, demand and presentment requirements to preclude partial summary judgment. As we discuss be-

low, the proof presented by appellants sufficiently established a fact issue as to the existence of usurious interest. That should have precluded· partial summary judgment.

■ When a lender requires, as a condition to making a loan, that a borrower assume a third party's debt, such debt must be included in the interest computation to determine usury. *Alamo Lumber Co. v. Gold,* .661 S.W.2d 926, 928 (Tex.1983). In this case, the summary judgment record shows that as a condition to renew appellants' 1983 notes, appellee required them to sign the 1984 note, making them jointly and severally liable with third parties for $2,252,250. The record also shows that: (1) the 1984 note had a one-year maturity; and (2) appellee did not advance additional funds to appellants other than the original $150,000 loan made in 1982. Thus, although the interest rates on the 1982 and 1983 notes are not in the record, appellants' computed interest on the 1984 note under *Alamo Lumber* would likely exceed two million dollars for one year, even though appellants never received more than $150,000 from appellee.

Further, the maximum lawful rate of interest for a contract is 24% per annum. TEX. REV.CIV.STAT.ANN. art. 5069–1.04(a), (b)(1) (Vernon 1987). Interest rates exceeding the maximum lawful rate are deemed to be usurious. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.02 (Vernon 1987). Therefore, we find that there is, at least, a fact issue as to whether the 1984 note obligated appellants to pay interest exceeding the maximum lawful rate.[1] *See also Catalina v. Blasdel,* 881 S.W.2d 295, 296 (Tex.1994) (stating that usury is a question of fact when not evident from the face of the instrument); *Dryden v. City Nat'l Bank of Laredo,* 666 S.W.2d 213, 216 (Tex.App.— San Antonio 1984, writ ref'd n.r.e.) (stating that usury, where not apparent from the face of the instrument, is a question of fact for the

---

1. If we apply the maximum lawful interest rate for contracts, compounded annually for two years, and assume that Eduardo and Jorge Lentino failed to make any payments on their 1982 notes, our calculations show that each would owe appellee $222,000 at the time they signed the 1984 note for $2,250,000. Because the 1984 note had a one year maturity, under *Alamo Lumber,* the Lentinos' computed interest charge

would have been approximately $2,028,000 each for one year. This amount, notwithstanding the interest owed by the Lentinos on the 1984 note itself, clearly exceeds the maximum lawful rate for contracts, and therefore, would be usurious. Although these calculations incorporate certain assumptions, they, nonetheless, illustrate the existence of a fact issue as to appellant's usury defense.

jury). Appellee, nonetheless, argues that even if a fact issue exists, partial summary judgment was proper because the 1987 compromise settlement agreements released any claims or defenses that the appellants may have had for usury under the 1984 note. We disagree.

A claim or defense of usury may be compromised and released if done in good faith and if the settlement instrument is purged of the usury contained in the underlying note. *See Finn v. Alexander,* 139 Tex. 461, 163 S.W.2d 714, 716 (1942); *Ramp,* 138 S.W.2d at 534. For this to occur, there must be: (1) cancellation of the obligation tainted by the usury; and (2) the creation of a new obligation free of usury. *See Southwestern Inv. Co. v. Hockley County S. & D., Inc.,* 516 S.W.2d 136, 137 (Tex.1974); *Ramp,* 138 S.W.2d at 534; *O'Quinn v. Beanland,* 540 S.W.2d 526, 527 (Tex.Civ.App.—San Antonio 1976, no writ). On the other hand, when the original usurious obligation transcends into the subsequent agreement, such agreement is void and unenforceable. *See Ramp,* 138 S.W.2d at 535.

Under the terms of the compromise settlement agreement, both Jorge and Eduardo Lentino agreed to execute new promissory notes payable to appellee. In return, appellee paid Jorge and Eduardo $10 each and agreed to release them from their joint and several liability under the 1984 note and guaranty agreements. The agreement also provided, however, that if either Jorge or Eduardo defaulted on their notes, the defaulting party, at appellee's sole option, could be liable for the entire outstanding balance on the 1984 note. Because we find that a fact issue exists as to whether the 1984 note was usurious, we are unable to determine whether the compromise settlement agreement carried forward the usury contained in the 1984 note, and thus, was void and unenforceable. Accordingly, appellants' first point of error is sustained.

In points two through five, appellants attack the legal and factual sufficiency of the evidence as it relates to their alleged breaches of the compromise settlement agreements. However, given our disposition of appellants' first point, we need not address the merits of these issues.

In their sixth point of error, appellants request that, in the event this case is reversed and remanded, this Court reverse the awards of prejudgment and postjudgment interest, attorney's fees, costs of court, and several post judgment orders by the trial court relating to the seizure of appellants' property. We decline their request and reverse and remand this case for a trial on the merits.