NUMBER 13-03-00398-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

GEORGE BIGGS, EASTERN BLOC ENTERTAINMENT,

LTD., ALTAR BOYS MANAGEMENT COMPANY, L.L.C., 

ROBERT W. THOMAS, AND JOHN S.
WOODS,                           Appellants,

 

                                                             v.

 

ABCO PROPERTIES, INC.,                                                               Appellee.

 

     On appeal from the 157th District Court of Harris County,
Texas.

 

                       MEMORANDUM OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








This is an appeal from a summary
judgment.  In five issues, appellants,
Eastern Bloc Entertainment, Ltd. (the APartnership@), Altar Boys Management Company, L.L.C.,
Robert W. Thomas and John S. Woods (collectively AEastern Bloc@) appeal the denial of their motion for
partial summary judgment and the granting of the motion for summary judgment of
appellee, ABCO Properties, Inc.  In a
single issue, appellant, George Biggs, complains of the trial court=s calculation of the damages assessed
against him.  We modify the judgment, and
as modified, affirm.

                                                   A.  Factual
Background

On March 24, May 15, and July 1, 1999, the
parties executed three agreements whereby ABCO transferred to the Partnership
$235,000, $140,000, and $20,000, respectively. 
Altar Boys Management, and Thomas and Woods in their individual
capacities, executed guaranties in conjunction with all three transfers.  Biggs executed guaranties in conjunction with
the second and third transfers only, totaling $160,000.  Also in conjunction with the transfers, the
Partnership granted ABCO security interests in a lease and all personal
property held by the Partnership.  The
parties executed a fourth agreement on September 7, 1999, amending their
business relationship, and a fifth agreement on May 1, 2000, after the
Partnership had defaulted on repayment of the previous transfers.  The May 2000 agreement restructured the
repayment of the original transfers and settled various disputes that had
arisen among the parties.  The Partnership
subsequently defaulted on the May 2000 agreement, and ABCO brought suit to
recover under the agreement and to collect on the guaranties and security
interests. 

                                                     B.  Standard
of Review








The standard of review for the granting of a traditional
motion for summary judgment is well settled. 
See Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985);  Alejandro v. Bell, 84
S.W.3d 383, 390 (Tex. App.BCorpus Christi 2002, no pet.).  When both parties move for summary judgment
and one motion is granted and the other is denied, we must rule on all
questions presented by the motions and render such judgment as the trial court
should have rendered.  Jones v.
Strauss, 745 S.W.2d 898, 900 (Tex. 1988); Lorenz v. Janssen, 116
S.W.3d 421, 424 (Tex. App.BCorpus Christi 2003, no pet.).           

The issues presented by this case primarily
involve interpretation of the various agreements executed between the parties
throughout their business relationship.  A[I]f a written contract is so worded that it
can be given a certain or definite legal meaning or interpretation, it is not
ambiguous@ and will be enforced as written.  Universal C.I.T. Credit Corp. v. Daniel,
243 S.W.2d 154, 157 (Tex. 1951) (quoting Lewis v. East Tex. Fin. Co.,
146 S.W.2d 977, 980 (Tex. 1941)).  AAn ambiguity does not arise simply because
the parties advance conflicting interpretations of the contract.@  Columbia
Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex.
1996).  None of the contracts at issue in
this case are ambiguous, therefore we are Aobligated to interpret [them] as a matter of
law.@  Dewitt
County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 100 (Tex. 1999); see
also Columbia Gas, 940 S.W.2d at 589 (AWhether a contract is ambiguous is a
question of law for the court.@). 
When interpreting the language of a contract, our primary concern is Ato ascertain and to give effect to the true
intention of the parties.@  Daniel,
243 S.W.2d at 158.  To achieve this end,
we examine and consider the entire writing, seeking as best we can Ato harmonize and to give effect to all the
provisions of the contract so that none will be rendered meaningless.@  Id.


                                                                     C.  Usury








In their first issue, the Eastern Bloc
appellants complain that the trial court erred in granting ABCO=s motion for summary judgment because they
established as an affirmative defense that the original notes underlying the
May 2000 agreement were usurious.[1]  In their second issue, the Eastern Bloc
appellants contend the trial court erred in denying their partial motion for
summary judgment for the same reason.

ABCO asserts that any claims of usury with
regard to the prior notes are waived.  We
agree.  

The May 2000 agreement was executed as a
settlement between the parties.  When
Eastern Bloc defaulted on their repayment obligations under the original notes,
ABCO brought suit against them to enforce the notes.  In response to that lawsuit, the parties
negotiated the May 2000 agreement which altered the terms of the repayment,
including the amount of interest, thus removing any usury that may have been
present in the original notes.  In
addition, the May 2000 agreement contained a release clause which stated: 

It is agreed by all parties that no claim of
usury shall be made against ABCO . . . with respect to the transactions
reflected in this agreement and in the ABCO investment documents, and any such
claims are hereby waived for all time and for all purposes. . . .  It is the express intent of this agreement
that no party hereto shall ever raise or claim that the payments to ABCO set
forth herein are usurious or constitute interest.  

 








The May 2000 agreement further stated that
in exchange for the release and execution of the new agreement, ABCO agreed to
dismiss the pending litigation.  We find
this writing to be sufficient to constitute an effective release by the Eastern
Bloc appellants of any usury claims they may have had with regard to the
underlying transactions.  Although no
money was exchanged for the release, the settlement of contested litigation is
sufficient consideration to support a contract or a compromise settlement agreement.  See Schuh v. Schuh, 453 S.W.2d 203,
204 (Tex. Civ. App.BDallas 1970, no writ).  Such a release constitutes a complete bar to
any later action upon the matters contained therein.  Schmaltz v. Walder, 566 S.W.2d 81, 83
(Tex. Civ. App.BCorpus Christi 1978, writ ref=d n.r.e.) (citing Hart v. Traders &
Gen. Ins. Co., 189 S.W.2d 493, 494 (Tex. 1945)); see also Finn v.
Alexander, 163 S.W.2d 714, 716 (Tex. 1942) (AIt is also settled that an accrued cause of
action for the collection of usurious interest paid may be compromised and
released by the payer.  The compromise,
however, must be made in good faith and the instruments evidencing same must
not be executed to cloak the real transaction.@); Monsanto Co. v. Davis, 97 S.W.3d
642, 646 (Tex. App.BWaco 2002, pet. denied) (noting that a
global release clause executed as part of a settlement could preclude a claim
of usury); Lesbrookton, Inc., v. Jackson, 796 S.W.2d 276, 283 (Tex. App.BAmarillo 1990, writ denied) (holding that
usury claim was foreclosed under the plain language of the release).  Eastern Bloc=s first and second issues are
overruled.  

                                    D.  Guaranties
and Security Interests

In their third and fourth issues, the
Eastern Bloc appellants complain that the trial court erred in granting ABCO a
judgment on the guaranties and security interests because they had been
released by the parties= agreement of September 7, 1999.  In construing the language of a release, we
apply the same rules of construction used to construe all other contracts.  See Boales v. Brighton Builders, Inc.,
29 S.W.3d 159, 167 (Tex. App.BHouston [14th Dist.] 2000, pet. denied)
(citing Williams v. Glash, 789 S.W.2d 261 (Tex. 1990)).  








Eastern Bloc argues that the language of the
September 7, 1999 agreement stating that the parties release each other from Aall claims . . . arising out of or in any
manner relating to any of the commercial agreements and/or relationships
existing among or between any of them@ includes releasing the parties of their
obligations under the guaranties and security interests.  However, the release clause further states
that it is understood by the parties that the release covers Aall unknown and unanticipated injuries,
claims and damages of the parties against each other which have or may have
arisen in connection with the above-described matters.@ 
Taking the language of the release in its entirety, we conclude that the
term Aclaims@ refers to potential causes of action
between the parties, not all previous obligations between or among the parties.


Furthermore, Ageneral categorical release clauses are
narrowly construed.@  Victoria
Bank & Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991) (citing Duncan
v. Cessna Aircraft Co., 665 S.W.2d 414, 422 (Tex. 1984)); Boales, 29
S.W.3d at 167.  AIn order to effectively release a claim, the
releasing instrument must >mention= the claim to be released.@  Brady,
811 S.W.2d at 938.  AAny claims not clearly within the subject
matter of a release are not discharged,@ even if the claims existed at the time the
release was executed.  Id.

The release clause at issue does not
mention, either directly or indirectly, the guaranties or the security
interests.  Therefore, we conclude they
were not discharged by this general release. 
Eastern Bloc=s third and fourth issues are
overruled.  

                                              E.  Joint
and Several Liability








In their fifth issue, the Eastern Bloc
appellants contend the trial court erred in applying joint and several
liability, thus allowing ABCO to recover more than that to which it is
entitled.

In the May 2000 agreement, the parties
agreed that the Partnership owed ABCO the principal amount of $490,440 (the AInvestment@), which would accrue non-compounding
interest at the rate of sixteen percent per annum (the APreferred Return@).  In
the May 2000 agreement, Thomas, Woods, and Biggs also acknowledged that the
guaranties previously executed remained in full force and effect.

ABCO=s summary judgment evidence showed that the
remaining Investment plus Preferred Return totaled $541,421.36 plus daily
interest of $212.84.  However, the
judgment signed by the trial court awarded ABCO (1) $541,421.36 plus daily
interest of $212.84, jointly and severally, from the Partnership, Altar Boys
Management, Thomas, and Woods, and (2) $167,605.12 plus daily interest of
$73.47 from Biggs, under his guaranty.  By
separating Biggs=s obligation in this way, the trial court
allowed ABCO to recover $709,026.48 plus daily interest in the amount of
$286.31.  We conclude that the trial
court erred in its application of joint and several liability.  Eastern Bloc=s fifth issue is sustained.

                                     F.  Application
of Previous Payments

In his sole issue, Biggs contends the trial
court erred in its interpretation of the May 2000 agreement.  Specifically, he asserts the trial court did
not properly credit payments made to ABCO by the Partnership to reduce the
amount guarantied by Biggs.   








Under paragraph 12 of the May 2000
agreement, Awhen the first $172,500 of the ABCO
Investment has been repaid to ABCO, George Biggs shall be released in full from
said guaranty.@ 
Biggs asserts that payments made by the Partnership in the amount of
$161,691.50 should be applied in their entirety to the Investment amount, thereby
reducing his remaining liability to $10,808.50. 
However, paragraph 4(d) of the May 2000 agreement specifically says that
all payments made to ABCO by the Partnership Awill be applied first to the ABCO Preferred Return
and the remainder to the reduction of the ABCO Investment.@ 
Accordingly, we conclude the previous payments made by the Partnership
were properly credited first to the Preferred Return before reducing the amount
of the Investment.  Biggs=s sole issue is overruled.  

We modify the trial court=s judgment to reflect that Eastern Bloc
Entertainment, Ltd., Altar Boys Management Company, L.L.C., Robert W. Thomas,
John S. Woods, and George Biggs are jointly and severally liable to ABCO
Properties, Inc. in the amount of $167,605.12, plus interest in the amount of
$73.47 per day from January 20, 2003 through March 17, 2003.  We further modify the judgment to reflect
that Eastern Bloc Entertainment, Ltd., Altar Boys Management Company, L.L.C.,
Robert W. Thomas, and John S. Woods are jointly and severally liable to ABCO
Properties Inc. in the amount of $373,816.24, plus interest in the amount of
$139.37 per day from January 20, 2003 through March 17, 2003.  As modified, the trial court=s judgment is affirmed.  

 

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
23rd day of February, 2006.











[1]
Also in their first
issue, the Eastern Bloc appellants assert that ABCO failed to show how it was
entitled to the amount awarded by the trial court and failed to prove the
amount of attorney fees.  However, aside
from these general statements, the Eastern Bloc appellants offer no further
argument, no citations to the record, and no reference to any legal
authority.  Because these issues are
inadequately briefed, we will not address them. 
See Tex. R. App. P.
38.1(h).