Agustin **MELENDEZ, Jr.,** Appellant,

v.

**JOHN R. SCHATZMAN, INC.,** Appellee.

No. 08–84–00296–CV.

Court of Appeals of Texas, El Paso.

Feb. 6, 1985.

Rehearing Denied March 6, 1985.

Stewart McKeehan, Rick Browning, P.C., Odessa, for appellant.

Robert A. Skipworth, Tony R. Conde, Jr., Ainsa, Skipworth, Zavaleta & Butterworth, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is a writ of error attack on a default judgment. This case centers around alleged breaches of a construction contract. Appeal is by writ of error brought by Melendez, individually, and not as president of M & A Builders, Inc. M & A Builders, Inc. has not appealed. Judgment was taken by Appellee against both M & A Builders, Inc. and Melendez, individually, when neither appeared for trial. Melendez, individually, filed no answer. We reverse as to Agustin Melendez, individually, only, and remand.

M & A Builders, Inc. sued John R. Schatzman, Inc. and Agustin Melendez

signed the original petition of M & A Builders, Inc. as president. John R. Schatzman, Inc. in turn countersued and joined Agustin Melendez, individually, as a counter-defendant under a disregarding of the corporate entity theory. The judgment recites that all parties were duly notified and trial was held February 6, 1984. Only John R. Schatzman, Inc. appeared and the trial court heard evidence without a jury.

 In Melendez's first point he complains that the trial court erred in rendering a default judgment because it does not appear affirmatively on the face of the record that Appellant was served with process in strict compliance with the rules regarding service of process. While ordinarily presumptions are made in support of a judgment, no such presumptions are made in a direct attack upon a default judgment. When review is by writ of error, the error must appear on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965).

 Our examination of the face of the record reveals numerous departures from strict compliance with Rules 105, 106 and 107, Tex.R.Civ.P., but we need not treat them all in order to determine that this first point must be sustained and the cause remanded. Rule 103, Tex.R.Civ.P., provides in part that service by certified mail may be made by the clerk of the court in which the case is pending. Rules 105, 106 and 107 outline how this is to be accomplished. This was attempted in the case before us; however, it does not appear that the officer receiving delivery of the process for service endorsed thereon the day and hour of receipt, nor was the return completed showing the execution by certified mail, all as required by Rule 105, supra. The return of the citation is blank both front and back and has not been executed. Nor does it appear that the return had appended to it the return receipt with the addressee's signature. The receipt purports to be contained elsewhere in the transcript, but we cannot presume it is part of the citation. Furthermore, the clerk did not affix a file mark on the citation showing when it was returned and filed in that office. Rule 107, Tex.R.Civ.P., expressly provides in part:

> No default judgment shall be granted ... until the citation with proof of service ... shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

Without this information, the trial court is unable to determine whether the matter is ripe for hearing. We cannot accept Appellee's contention that a notation in the clerk's fee docket cures omission on the face of the citation. The first point of error is sustained and we need not address the other points.

Agustin Melendez, individually, having now appeared to attack the judgment, is presumed to have entered his appearance to the term of the court at which the mandate shall be filed. The judgment of the court below, only as to Agustin Melendez (or Agustin Melendez, Jr., as he now prefers to call himself), Appellant, in his individual capacity, is reversed and the cause remanded to the trial court for a trial on the merits as to Appellant.