**WEST COLUMBIA NATIONAL BANK, Appellant,**

v.

**Star GRIFFITH, Appellee.**

**No. 01–94–00853–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 29, 1995.

Rehearing Overruled Aug. 3, 1995.

that the default judgment issued in cause number cause number 18,933B be reinstated.

Callan M. Billingsley, Angleton, for appellant.

Gary L. McConnell, Angleton, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from the trial court's decision to grant a bill of review, set aside a default judgment, and enter summary judgment in favor of appellee, Star Griffith. In nine points of error, appellant, West Columbia National Bank, complains of the sufficiency of the evidence to support the elements of a bill of review and the failure of the trial court to file findings of fact and conclusions of law. We reverse and render judgment

## I.  FACTS

In August 1992, appellant brought suit against appellee to recover a deficiency on a promissory note. Because appellee failed to file an answer, appellant obtained a default judgment against him on October 7, 1992. These proceedings took place in cause number 18,933B. In April of 1993, in cause number 19,435B, appellee filed a petition for bill of review seeking to overturn the default judgment. On March 8, 1994, the trial court granted part of the relief requested in the bill of review and, accordingly, set aside the default judgment and reinstated cause number 18,933B.

Appellee then filed a motion for summary judgment in that suit alleging that appellant was barred as a matter of law from recovering a deficiency judgment against him because the bank failed to give him notice of the sale of the collateral securing the note as required by TEX.BUS. & COM.CODE ANN. § 9.504 (Vernon 1987). On May 17, 1994, the trial court entered an order granting appellee's motion for summary judgment and consolidating cause numbers 19,435B (the bill of review action) and 18,933B (the deficiency suit).

## II.  JURISDICTION

As a preliminary matter, in a motion to dismiss and in his brief, appellee asserts that this Court should dismiss this appeal for lack of jurisdiction because appellant failed to timely perfect its appeal.

In order to perfect an appeal in a civil case, a party must ordinarily file a cost bond, affidavit in lieu thereof, or a cash deposit in lieu of bond within 30 days after the judgment is signed. TEX.R.APP.P. 41(a)(1). The rule extends the filing deadline to 90 days under two circumstances: (1) if a party has timely filed a motion for new trial; or (2) if any party timely requests findings of fact and conclusions of law in a case *tried without a jury.* TEX.R.APP.P. 41(a)(1) (emphasis added). If these requirements are not met, the appeal is a nullity and must be dismissed.

*Davies v. Massey,* 561 S.W.2d 799, 800 (Tex. 1978).

Here, the trial court signed the order in cause number 19,435B granting the bill of review relief on March 8, 1994. Shortly thereafter, appellee filed his motion for summary judgment in cause number 18,933B, which was granted on May 17, 1994. Neither party filed a motion for new trial, but on June 3, 1994, appellant filed a request for findings of fact and conclusions of law. The request was filed in cause number 18,933B and referred to the order granting summary judgment signed on May 17th. When the trial court failed to file any findings, appellant filed a notice of past due findings of fact and conclusions of law in accordance with Tex.R.Civ.P. 296. A cash deposit in lieu of bond was filed by appellant on August 12, 1994, which was, admittedly, more than 30 days after the date the order granting summary judgment was signed. Therefore, we must determine whether appellant's request for findings of fact and conclusions of law extended the appellate timetable so as to render its cash deposit timely.

■ It is well-established that a request for findings of fact and conclusions of law is not proper in a summary judgment context, and the trial court does not err by failing to file them. *Cotton v. Ratholes, Inc.,* 699 S.W.2d 203, 204 (Tex.1985); *Robbins v. Warren,* 782 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1989, no writ). The Texas Supreme Court has recently held that the language "tried without a jury" in rule 41(a)(1) does not include a summary judgment proceeding and, therefore, a request for findings and conclusions does not operate to extend the appellate timetable. *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994). Therefore, unless a motion for new trial is filed, an appellant only has 30 days after the judgment is signed to file the appropriate instrument to perfect the appeal.

Although appellee contends that appellant erroneously filed a request for findings of fact on a summary judgment, we are not merely dealing with an appeal from a summary judgment proceeding. Here, there were two separate orders: (1) an order granting the bill of review relief; and (2) an order granting summary judgment on the underlying deficiency suit.

"An appeal may be prosecuted only from a final judgment which disposes of all issues and parties in the case. The final judgment in a bill of review action should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy." *Shahbaz v. Feizy Import & Export Co.,* 827 S.W.2d 63, 64 (Tex.App.—Houston [1st Dist.] 1992, no writ) (citations omitted). Here, the order granting the bill of review relief merely set aside the default judgment and reinstated cause number 18,-933B; it *did not dispose of the merits of the deficiency suit,* but rather set the case for trial at a later date. Because it did not dispose of the underlying case on the merits, the order granting the bill of review was interlocutory and not subject to appeal at that time. *See, e.g., Tesoro Petroleum v. Smith,* 796 S.W.2d 705 (Tex.1990); *Shahbaz,* 827 S.W.2d at 64.

■ Since all parties and issues were not disposed of until the order granting summary judgment on the deficiency suit was signed on May 17, 1994, the bill of review was not final until that date. In fact, the May 17th order specifically incorporated by reference and made final the order granting the bill of review in cause number 19,435B. Unlike the situation in *Linwood,* an evidentiary hearing was held on the bill of review portion of this case and it was "tried without a jury" within the meaning of Tex.R.App.P. 41(a)(1). Therefore, appellant was entitled to file a request for findings of fact and conclusions of law on the bill of review.

■ Appellee has cited no authority, and we can find none, that indicates that a request for findings of fact and conclusions of law relating to an interlocutory bill of review must be filed prior to the rendition of a final judgment in order to be timely. Had appellant prevailed on the merits of the deficiency suit, there would have been no need for it to file a request for findings of fact and conclusions of law regarding the bill of review. Therefore, we hold that a request for find-

ings of fact and conclusions of law in regard to a bill of review need not be filed until there is a *final, appealable* judgment disposing of all parties and issues.

■ Appellee alleges that if appellant was indeed requesting findings of fact and conclusions of law regarding the bill of review, this should have been clearly stated in its request. Instead, the request was filed in cause number 18,933B and only referred to the order granting summary judgment signed on May 17, 1994. Appellee ignores, however, that the May 17th order consolidated the bill of review action into cause number 18,933B and specifically made the bill of review order final. Although the better practice may have been for appellant to specifically apprise the trial court that it was requesting findings only on the bill of review, since the order specifically consolidated both cases under the cause number in which the request was filed, we hold that the request was sufficient to extend the time in which appellant had to file its cash deposit to 90 days after the May 17, 1994, order. Since appellant did, in fact, accomplish this, we have jurisdiction over this appeal.

Appellee's motion to dismiss is denied.

## III. SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE BILL OF REVIEW

■ A bill of review is an equitable proceeding to set aside a final judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. v. Briscoe*, 722 S.W.2d 407 (Tex.1987). To be entitled to relief, a plaintiff in a bill of review action is ordinarily required to prove three elements: (1) a meritorious claim or defense; (2) which he was prevented from asserting by the fraud, accident or mistake of the opposite party or a mistake by court personnel in the execution of official duties; (3) unmixed with any fault or negligence of his own. *Transworld*, 722 S.W.2d at 408.

### Service of Process

■ The bill of review requirements are quite different, however, where a bill of review plaintiff seeks to set aside a default judgment on the basis that he was improperly served with process. Under those circumstances, the plaintiff need not show the fraud, accident or mistake of the other party. *See, e.g., Winrock Houston Assocs. Ltd. v. Bergstrom*, 879 S.W.2d 144, 149 (Tex.App.—Houston [14th Dist.] 1994, no writ). Nor does he have to prove a meritorious defense. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988). As indicated above, appellee contended that he was entitled to bill of review relief because he was not served with process as required by law. Appellant maintains, however, in point of error six, that appellee presented no evidence to show that he was improperly served with citation.

■ Appellee argues that the default judgment cannot stand because, although he was served with citation, the citation return does not meet the requirements of TEX. R.CIV.P. 105 on its face. Rule 105 requires that "[t]he officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." Here, the return contained a pre-printed line which stated: "Came to hand on the __ day of _____, 19__ at __ o'clock __.m." Two date stamps appear over this line: one stamp reads "92 Aug. 10, a.m. 10:05"; and the other stamp is from the Brazoria County Clerk's office and clearly indicates that the return was filed for record on August 20, 1992. Appellee presents two arguments to show that the return is invalid: (1) there is no indication that the person receiving process filled in the date and time it was received because the blanks on the pre-printed line are not filled in and there is nothing to show that the August 10th stamp was meant to fulfill this requirement; and (2) even if the August 10th stamp was meant to fulfill the requirement, rule 105 requires the date and time to be "endorsed" and a stamp is not an "endorsement."

■ Appellee correctly asserts that a return must indicate strict compliance with the Texas Rules of Civil Procedure on its face; there are no presumptions in favor of valid issuance, service, and return of citation

in the face of a direct attack on a default judgment. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1992, writ denied). If the return does not show strict compliance with the rules, then service is invalid and the default judgment cannot stand. *Id.*

Appellee contends that *Melendez v. John R. Schatzman, Inc.*, 685 S.W.2d 137, 138 (Tex.App.—El Paso 1985, no writ), and *Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 749 (Tex.App.—San Antonio 1992, no writ), control the outcome of this case. While the default judgments in those cases were overturned because the returns did not comply with Tex.R.Civ.P. 105 and 107, in both cases there was no date anywhere on the returns that could have shown when the citations were received. The returns completely failed to comply with *any* of the requirements of Tex.R.Civ.P. 107. They were not signed or filled out at all. In this case, however, there was a date stamp which appeared over the pre-printed line, and the return complied with Texas law in all other respects. Thus, *Melendez* and *Barnes* are distinguishable.

■ Although the law makes no presumptions in favor of valid issuance, service, and return of citation in an attack on a default judgment, an officer's return is prima facie evidence of the facts recited therein and cannot be rebutted by the uncorroborated proof of the moving party. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex.1994) (officer's return is given great weight whether it impeaches or supports a judgment). Here, the return appears to be valid on its face. The citation shows that the suit was filed on August 4, 1992, and the citation was issued by the clerk's office on August 6, 1992. The return clearly indicates that it was served on appellee on August 19, 1992, and filed for record in the clerk's office on August 20, 1992. This is a normal progression of events, and there is nothing to indicate that the August 10th date stamp was not meant to show the date and hour of receipt in compliance with rule 105. The fact that the date stamp appears slightly above the pre-printed line is not a fatal defect when the citation and return are in compliance with the requirements of the rules of civil procedure in all other respects.

■ We likewise do not find that the use of a stamp to fill in the date and time of receipt is a fatal defect. Nothing in the rule specifically prohibits the use of a stamp and, in fact, use of a rubber stamp to affix an officer's signature to the return has been permitted. *See, e.g., Payne & Keller Co. v. Word*, 732 S.W.2d 38, 40 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Houston Pipe Coating Co. v. Houston Freightways, Inc.*, 679 S.W.2d 42, 45 (Tex.App.—Houston [14th dist.] 1984, writ ref'd n.r.e.). With the volume of citations and returns today, we see no reason not to allow an officer to use a stamp to fill in the date and time of receipt as well. Therefore, we find that there was no evidence to show that appellee was improperly served with process.

We sustain point of error six.

### Appellee's fault or negligence in letting the judgment be taken

■ Appellee's request for bill of review relief must be denied for an additional reason. As appellant correctly argues in point of error two, even if appellee had proved that he was improperly served with process, he still was required to show that he was free from fault or negligence in letting the judgment be taken against him. *Winrock Houston Assocs. Ltd.*, 879 S.W.2d at 149.

■ In his testimony at the bill of review hearing, appellee admitted that he was served with citation in the underlying suit on August 19, 1992 which instructed him to answer and defend the suit. He maintained, however, that he didn't think appellant could obtain a deficiency judgment against him. In his opinion, he had done all that he could, since he had voluntarily turned over the collateral securing the note. Therefore, he felt that it was not necessary to obtain legal advice or file an answer to the lawsuit. Based on his misinterpretation of the law, appellee intentionally failed to answer the suit. We hold that this is insufficient as a matter of law. Ignorance or mistake of the law is no excuse. *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234, 237 (1961). There-

fore, even if the date stamp had not been sufficient to fulfill the requirements of TEX. R.CIV.P. 105, appellee's request for bill of review relief must be denied because he presented no evidence to show that he was free from fault or negligence in letting the default judgment be taken against him.

We sustain point of error two.

### IV. CONCLUSION

Appellee presented no evidence to show that he was prevented from asserting a defense by the conduct of appellant or court personnel, or that he was improperly served with process. Moreover, he failed to present any evidence to show that the default judgment taken against him was not due to his own negligence. Therefore, the trial court erroneously granted the bill of review. *Transworld,* 722 S.W.2d at 408.

In light of our disposition of points of error four and six, it is not necessary to address appellant's remaining points of error.

We deny appellee's motion to dismiss and reverse and render judgment that the default judgment issued in cause number 18,933B be reinstated.