Affirmed and Memorandum Opinion filed August 2, 2007








Affirmed and Memorandum Opinion filed August 2, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01179-CV

____________

 

EDUARDO P. LENTINO, M.D.,
INDIVIDUALLY AND AS ASSIGNEE OF JORGE A. LENTINO, M.D., AND MARTA A. LENTINO, Appellants

 

V.

 

FROST NATIONAL BANK F/K/A CULLEN
CENTER BANK AND TRUST, Appellee

 



 

On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2004-08487

 



 

M E M O R A N D U M   O P I N I O N

In this equitable bill of review proceeding, pro se
appellants, Eduardo P. Lentino, M.D., individually and as assignee of Jorge A.
Lentino, M.D., and Marta A. Lentino (collectively referred to as appellants)
appeal the trial court=s denial of their motion for summary
judgment and the trial court=s granting of appellee, Frost National
Bank f/k/a Cullen Center Bank and Trust=s, motion for
summary judgment.  We affirm.








Factual and Procedural Background

This is an equitable bill of review proceeding that has its
factual origins dating back to 1982.  The parties are before this court for the
third time; accordingly, we limit our factual background only to those facts
essential to our decision in this matter.[1]

On February 29, 2000, after appellants intentionally chose
not to participate in the trial proceedings, the trial court entered a
post-answer default judgment against appellants.  After the trial court did not
rule on a flurry of post-judgment motions filed by appellants, they appealed
the February 29, 2000 judgment to this court, which we affirmed in Lentino, et al. v. Cullen Center Bank
and Trust n/k/a Frost National Bank, 2002 WL 220421 (Tex. App.CHouston [14th Dist.] Feb. 14, 2002,
pet. denied) (not designated for publication).

Nearly
four years after the trial court entered its judgment, on February 20, 2004,
appellants filed their petition for equitable bill of review seeking to set
aside the original post-answer default judgment entered in favor of appellee in
February 2000.  Both sides ultimately moved for summary judgment.  In its
motion for summary judgment, appellee argued appellants= bill of review was barred because a
bill of review cannot be used as an additional remedy after a party has made a
timely but unsuccessful appeal.  Appellee also argued it was entitled to
summary judgment as appellants could not satisfy any of the elements necessary
to maintain a bill of review.  Appellants also filed a motion for summary
judgment.  Appellants sought to set aside the February 2000 judgment as well as
the entry of a judgment in their favor on various causes of action they had
asserted against appellee. 








The trial court conducted a hearing on August 15, 2005. 
Finding the appellants had failed to present prima facie proof of a meritorious
defense as a matter of law, the trial court granted appellee=s motion for
summary judgment and denied appellants= motion.  This
appeal followed.

Discussion

In eight issues on appeal, appellants challenge the trial
court=s granting of
appellee=s motion for 
summary judgment and the denial of their own motion.

A.      Standard
of Review

The movant for summary judgment has the burden to show
there is no genuine issue of material fact and it is entitled to judgment as a
matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985). In determining whether there is a genuine fact issue precluding summary
judgment, evidence favorable to the non-movant is taken as true and the
reviewing court makes all reasonable inferences and resolves all doubts in his
favor. Id. at 548B49. We review a trial court=s summary judgment
de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005). When both parties move for summary judgment, each party bears the burden
of establishing that it is entitled to judgment as a matter of law. Guynes
v. Galveston County, 861 S.W.2d 861, 862 (Tex. 1993). When, as here, both
sides moved for summary judgment and the trial court grants one motion and
denies the other, the court reviews the competent summary judgment evidence
presented by both sides and determines all questions presented and renders the
judgment that the trial court should have rendered. Village of Pheasant Run
v. Kastor, 47 S.W.3d 747, 750 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  In an appeal from a summary judgment, issues an
appellate court may review are those the movant actually presented to the trial
court.  Cincinnati Life Insurance Co. v. Cates, 927 S.W.2d 623, 625
(Tex. 1996).  An appellate court is not precluded from affirming the judgment
on other grounds the parties properly raised before the trial court, when the
trial court grants summary judgment specifically on fewer than all grounds
asserted.  Id.








B.      Bill of
Review

A bill of review is an equitable proceeding by a party to a
former action who seeks to set aside a judgment that is no longer appealable or
subject to a motion for new trial.  Baker v. Goldsmith, 582 S.W.2d 404,
406 (Tex. 1979).  A bill of review complainant must prove three elements: (1) a
meritorious claim or defense; (2) that he was prevented from asserting by the
fraud, accident, or wrongful act of his opponent or by official mistake; and
(3) the absence of fault or negligence of the complainant.  Calwell v.
Barnes, 975 S.W.2d 535, 537 (Tex. 1998).  A bill of review may not be used
as an additional remedy after one has made a timely, but unsuccessful appeal.  Rizk
v. Mayard, 603 S.W.2d 773, 776 (Tex. 1980).

C.      The Trial
Court Correctly Granted Appellee=s Motion for
Summary Judgment as Appellants Had Previously Appealed the February 2000
Judgment








In issues one through four of their appeal, appellants
assert the trial court erred in granting appellee=s motion for
summary judgment because (1) appellee did not have standing to pursue its
claims against appellants; and (2) the appellants raised genuine issues of
material fact regarding their meritorious defenses to appellee=s causes of
action.  Appellants= arguments are without merit. A bill of
review may not be used as an additional remedy after one has made a timely, but
unsuccessful appeal.  Id.  The grounds upon which a bill of review can
be obtained are narrow because the procedure conflicts with the fundamental
policy that judgments must become final at some point.  Transworld Fin.
Serv. Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987).  Here, appellants
have already tried and unsuccessfully appealed the claims and defenses
underlying their bill of review.  Appellants= arguments
regarding the basis for their bill of review, both here and in the trial court,
simply rehash the issues resolved in appellants= appeal of the
trial court=s February 2000 judgment.  All of appellants= claims and
defenses either were or could have been litigated in the trial and appellate
courts and thus are barred by res judicata.  Compania Financiara Libano v.
Simmons, 53 S.W.3d 365, 367 (Tex. 2001); Rizk, 603 S.W.2d at 776. 
In addition, because appellants timely but unsuccessfully appealed the issues
underlying the February 2000 judgment, they cannot show they have been
prevented from making a claim or defense and, accordingly, they cannot utilize
a bill of review.  See Nabelek v. C. O. Bradford, No. 14-04-01177-CV,
2006 WL 915824, at *2 (Tex. App.CHouston [14th
Dist.] Apr. 6, 2006, pet. denied) (mem. op., not designated for publication)
(affirming denial of bill of review where party had timely but unsuccessfully
appealed the same alleged errors underlying the bill of review and thus had not
been prevented from asserting claims or defenses).  We overrule appellants= first, second,
third, and fourth issues.

D.      Appellee=s Motion for
Summary Judgment was Not Defective








In their fifth issue, appellants contend the trial court
erred when it granted appellee=s motion for summary judgment as it was
defective because appellee attached voluminous documents as exhibits to its
motion for summary judgment without an index and without  referencing those
exhibits in the body of the summary judgment motion.  In issue six, appellants
argue the trial court erred by not entering a written order addressing their
objections and special exceptions filed in response to appellee=s motion for
summary judgment.  Appellants= contentions are without merit.  While
appellee did attach voluminous exhibits to its motion for summary judgment, the
exhibits contained an index with a brief explanation as to the content of each
exhibit.  In addition, appellee referenced the attached exhibits throughout its
motion for summary judgment.  In addition, while the trial court did not issue
a written order, it addressed appellants= objections and
special exceptions during an August 15, 2005 oral hearing on the record.  With
a single exception, the trial court overruled all of appellants= objections and
special exceptions during the August 15, 2005 hearing.  The trial court
withheld its ruling on a single objection/special exception but, by granting
appellee=s motion for
summary judgment, the trial court implicitly overruled the remaining
objection/special exception.  Clement v. City of Plano, 26 S.W.3d 544,
550 n.5 (Tex. App.CDallas 2000, no pet.) overruled on other
grounds Telthorster v. Tennell, 92 S.W.3d 457, 464 (Tex. 2002); Dagley
v. Haag Eng=g Co., 18 S.W.3d 787,
795 n. 9 (Tex. App.CHouston [14th Dist.] 2000, no pet.).   We
overrule appellants= fifth and sixth issues.

E.      The Trial
Court Did Not Abuse Its Discretion by Not Granting Appellants= Motion for New Trial

The decision whether to grant or deny a motion for new
trial is within the trial court=s discretion.  Balias v. Balias, Inc.,
748 S.W.2d 253, 257 (Tex. App.CHouston [14th Dist.] 1988, writ denied). 
This court will not disturb the trial court=s ruling on a
motion for new trial absent an abuse of discretion.  Vickery v. Tex. Carpet
Co., Inc., 792 S.W.2d 759, 761 (Tex. App.CHouston [14th
Dist.] 1990, writ denied).  In matters committed to a trial court=s discretion, the
test for abuse of that discretion is whether the trial court acted arbitrarily
or without reference to guiding legal principles.  Cire v. Cummings, 134
S.W.3d 835, 839 (Tex. 2004).  This standard also applies when the motion for
new trial is overruled by operation of law.  Bank One v. Moody, 830
S.W.2d 81, 85 (Tex. 1992).  As we have already determined that the trial court
properly granted appellee=s motion for summary judgment and 
appellants did not present new evidence or arguments in their motion for new
trial, but merely repeated prior arguments, the trial court did not abuse its
discretion when it overruled, by operation of law, appellants= motion for new
trial.  We overrule appellants= seventh issue.

F.       Findings
of Fact and Conclusions of Law Are Inappropriate in a Summary Judgment
Proceeding








In their final issue, appellants argue the trial court
erred when it failed to enter findings of fact and conclusions of law following
its ruling on the parties= competing motions for summary judgment. 
Appellants= argument is without merit as findings of fact and
conclusions of law have no place in a summary judgment proceeding.  Linwood
v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994).  If summary judgment is
proper, then there are no facts to find, and the legal conclusions have already
been stated in the motion and the response.  Coastal Transp. Co. v. Crown
Cent. Petroleum Corp., 20 S.W.3d 119, 125 (Tex. App.CHouston [14th
Dist.]  2000, pet. denied).  A trial court should not make, and the appellate
court cannot consider, such findings and conclusions in connection with a
summary judgment.  Id.  The cases cited by appellants do not change this
result as, with a single exception, they are not summary judgment cases.  See
Gene Duke Builders, Inc. v. Abilene Hous. Auth., 138 S.W.3d 907, 907 (Tex.
2004) (per curiam) (trial court granted defendant=s plea to the
jurisdiction); Tenery v. Tenery, 932 S.W.2d 29, 29 (Tex. 1996) (appeal
from a divorce decree); Higginbotham v. General Life and Acc. Ins. Co.,
796 S.W.2d 695, 695 (Tex. 1990) (appeal from the denial of a motion for new
trial following no-answer default judgment);  Addington v. Addington,
No. 14-03-00340-CV, 2004 WL 1472127, at *1 (Tex. App.CHouston [14th
Dist.] July 1, 2004, no pet.) (mem. op., not designated for publication)
(appeal from award of attorney=s fees following the non-suiting of a
declaratory judgment action); Goodenbour v. Goodenbour, 64 S.W.3d 69, 73
(Tex. App.CAustin 2001, pet. denied) (trial court granted
defendant=s special appearance); Hernandez v. Texas Dept. of
Ins., 923 S.W.2d 192, 194 (Tex. App.CAustin 1996, no
writ) (trial court granted defendant=s plea to the
jurisdiction); Goggins v. Lea, 849 S.W.2d 373, 375 (Tex. App.CHouston [14th
Dist.] 1993, no writ) (appeal from a bench trial of a forcible detainer
action).








The sole summary judgment case cited by appellants, West
Columbia Nat=l Bank v. Griffith, 902 S.W.2d 201,
204B05 (Tex. App.CHouston [1st Dist.]
1995, writ denied), can be distinguished on its facts.  The initial issue to be
resolved in Griffith was the appellate court=s jurisdiction
over the appeal.  Id. at 203.  In Griffith, the trial court
issued an interlocutory order granting Griffith=s bill of review. 
Id.  Following that interlocutory order, the trial court ultimately
granted Griffith=s motion for summary judgment finally
disposing of the entire case.  Id.  In its determination of the
jurisdictional issue, the appellate court held West Columbia National Bank was
entitled to request that the trial court enter findings of fact and conclusions
of law as to the interlocutory order granting the bill of review once the final
summary judgment was granted, thus extending the deadline for the bank to file
its appeal.  Id. at 205.  Crucial to the court=s decision in Griffith
was the fact there were two separate orders: an interlocutory order granting
the bill of review, for which findings and conclusions could be made, and the
final summary judgment where they could not.  Id. at 204.  Here, there
was no interlocutory order issued, only a final summary judgment.  Accordingly,
the trial court did not err in refusing appellants= request.  We
overrule appellants= eighth issue.

Conclusion

Having overruled all of appellants= issues on appeal,
we affirm the trial court=s November 28, 2005 final summary judgment
denying appellants= bill of review.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 2, 2007.

Panel consists of
Justices Anderson, Fowler, and Edelman.

 

 









[1]  See our prior opinions in Lentino, et al. v.
Cullen Center Bank and Trust n/k/a Frost National Bank, 2002 WL 220421
(Tex. App.CHouston [14th Dist.] Feb. 14, 2002, pet. denied) (not
designated for publication) and Lentino et al. v. Cullen Center Bank and
Trust, 919 S.W.2d 743 (Tex. App.CHouston
[14th Dist.] 1996, writ den.) for a more detailed rendition of the facts
underlying this appeal.