Opinion issued July 23, 2019



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-18-00710-CV

————————————

**APRIL SMALL, INDIVIDUALLY AND ON BEHALF OR HER MINOR CHILD, E.C., Appellant**

**V.**

**MARIO GARCIA, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-22535**

---

### MEMORANDUM OPINION

April Small challenges the trial court's rendition of summary judgment in favor of Mario Garcia in Garcia's bill-of-review proceeding to set aside a default judgment against Garcia. In a single issue, Small contends the trial court erred in granting summary judgment in favor of Garcia because Small's summary-judgment

evidence conclusively establishes that the process server served Garcia with process. We dismiss the appeal for want of jurisdiction.

## Background

### A.     The underlying case

In the underlying case, a dog charged from a home and bit E.C., Small's minor child, causing severe injuries to E.C. Small, on behalf of E.C., sued Garcia, as the alleged homeowner, for negligence, negligence per se, and gross negligence.

Garcia did not timely file an answer to Small's petition. On May 11, 2017, the trial court entered an interlocutory default judgment on liability in Small's favor. On this same date, Garcia learned about this lawsuit and immediately filed an answer and a motion to set aside the judgment. The following day, the trial court overruled the motion and signed a default judgment awarding $930,000 and post-judgment interest to Small.

The parties dispute whether Garcia was served with process. Reginald Branch, a licensed process server, executed a return of process for Garcia, stating that he personally delivered the citation to Garcia's wife at his residence, and specifying a time he did so. But, Garcia contends that he was not at home at that time. In his affidavit, Garcia explained that he had been at Home Depot renting a tiller.

2

**B.     The bill-of-review proceeding**

Garcia filed a bill of review alleging that he had never received notice of the underlying suit or been served with process. Garcia then moved for traditional summary judgment and no-evidence summary judgment in the bill-of-review proceeding and argued that the default judgment against him was void because he was not served with process. Garcia attached evidence to his motions to show that he was not at his residence when Branch claimed to have served Garcia. Small filed a response opposing Garcia's motions and attached rebuttal evidence.

Ultimately, the trial court granted Garcia's summary judgment motions, set aside the default judgment in the underlying case, and ordered all issues in the underlying action to be tried. This appeal followed.

**C.     Jurisdictional inquiry**

The order being appealed is an interlocutory grant of judgment in Garcia's favor on his bill of review. This court has an independent obligation to determine whether we have jurisdiction to decide appeals filed with the court. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). The summary-judgment order is an unappealable interlocutory order. On June 25, 2019, the court sent a letter to the parties inquiring about our jurisdiction and requested jurisdictional briefing from the parties. We cautioned the parties that failure to demonstrate the existence of the Court's jurisdiction would result in dismissal of the appeal without further

3

notice. To date, the parties have not responded. As explained below, we have determined we do not have appellate jurisdiction.

**Analysis**

"A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and is not a final judgment appealable to the court of appeals or the supreme court." *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705 (Tex. 1990) (per curiam)). Interlocutory orders are not generally appealable, subject to certain exceptions. TEX. CIV. PRAC. & REM. CODE § 51.014(a). The grant of a bill of review is not one of the interlocutory orders permitted to be appealed under Section 51.014(a) of the Civil Practice and Remedies Code. *See id*.

Small prematurely appealed this interlocutory order before the trial court determined the rights of the parties and disposed of all the issues of the case on the merits. *See W. Columbia Nat. Bank v. Griffith*, 902 S.W.2d 201, 204 (Tex. App.— Houston [1st Dist.] 1995, writ denied). In *Griffith*, the appellee filed a bill of review seeking to overturn a default judgment. *Id.* at 203. The trial court granted the bill of review in part, set aside the default judgment, and ordered a trial on the merits. *Id.* On appeal, the court held that the order granting the bill of review was interlocutory and not subject to appeal because it did not dispose of the underlying case on the merits. *Id*. at 204 (citing *Tesoro Petroleum*, 796 S.W.2d at 705).

Here, the order granting summary judgment in a bill-of-review proceeding is not final and appealable because the trial court ordered a trial and has not yet disposed of the underlying case on the merits. *See, e.g.*, *Patrick O'Connor & Assocs., L.P. v. Wang Inv. Networks, Inc.*, No. 01-12-00615-CV, 2013 WL 1451358, at *1 (Tex. App.—Houston [1st Dist.] Apr. 9, 2013, no pet.) ("It is a well-established rule in Texas that if a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is interlocutory in nature and not a final judgment from which an appeal will lie."). Indeed, the order states that "[t]he issues in the underlying case will be tried in this cause number." About a month after the trial court entered the order, Small filed this appeal before the trial court adjudicated all the issues. Under these circumstances, the order is interlocutory in nature, and not listed in Section 51.014(a) as an appealable interlocutory order. Therefore, the order granting summary judgment in this bill-of-review proceeding was not final and appealable, and this court lacks jurisdiction.

## Conclusion

Because Small challenges an unappealable order, we have no jurisdiction over the appeal. For these reasons, we dismiss this appeal for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.