

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00109-CV

RONALD LATHAM, Appellant

V.

CHRIS THOMPSON, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 20C0991-005

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Ronald Latham petitioned for a bill of review seeking to have a default judgment set aside in the underlying contract dispute because he was not properly served with citation. Chris Thompson, the judgment creditor in the underlying action, moved for summary judgment, seeking to have the petition dismissed. The Fifth Judicial District Court of Bowie County, Texas, granted Thompson's motion, thus denying Latham's petition.

On appeal, Latham asserts that the trial court improperly granted Thompson's motion for summary judgment. Because we find that Latham failed to present independent facts to raise a question as to whether he was personally served, we affirm the trial court's judgment.

## I. Procedural Background

On May 3, 2019, Thompson filed suit against Brandon and Allison Blair in cause number 19C0724-005 in the Fifth Judicial District Court of Bowie County, Texas (the underlying suit).[1] The Blairs were served on May 20, 2019, and they filed their answers on June 7, 2019. After filing an amended petition, Thompson filed, on September 5, 2019, a second amended petition, adding Latham as a defendant in the suit and seeking a temporary injunction.

On January 13, 2020, Thompson filed a motion for default judgment against Latham. The default judgment was entered on February 28, 2020. The judgment awarded Thompson damages "in the amount of $38,500 plus prejudgment interest in the amount of $800.00,

---

[1]Thompson claimed that he leased land owned by Latham in Bowie County, Texas, for duck hunting. According to Thompson, sometime after he presented Latham with a written lease and a lease payment, Latham sold the property to the Blairs. Latham claimed that he never signed the lease and that he did not accept the lease payment. Due to a subsequent conflict between Thompson and the Blairs, Thompson filed the underlying lawsuit.

2

attorney's fees in the amount of $10,500.00, court costs and post-judgment interest at the rate of 5% per annum."

After the default judgment was entered, Latham filed an original petition for bill of review and an amended petition asking the trial court to vacate the default judgment in Thompson's favor. In support of his request, Latham claimed that he was not served with process in the underlying lawsuit. In response, Thompson filed a motion for summary judgment and a supplemental motion, arguing that Latham's amended petition should be denied because the summary judgment evidence proved that Latham had been personally served with citation. The trial court ruled that Thompson was entitled to judgment, and it summarily dismissed Latham's amended petition for bill of review. Latham appeals.

## II.      Standard of Review

An appellate court reviews a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment in favor of the movant is proper only when there are no disputed issues of material fact, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Shell Oil. Co. v. Khan*, 138 S.W.3d 288, 291 (Tex. 2004).

"In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Saint v. Bledsoe*, 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.) (citing *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *overruled on other grounds by Glassman v. Goodfriend*, 347

S.W.3d 772 (Tex. App.—Houston [14th] Dist.] 2011, pet. denied) (en banc)). A trial court abuses its discretion only "if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles." *Id.* at 101–02 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

When a court of appeals determines whether the trial court abused its discretion, it views the evidence in the light most favorable to the trial court's decision and indulges every presumption in its favor. *Saint*, 416 S.W.3d at 111–12 (citing *Garza v. Att'y Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi 2005, no pet.). If there is "some probative and substantive evidence support[ing] the [trial court]'s finding, the trial court did not abuse its discretion." *Id.* at 112. "Because it is fundamentally important that finality be accorded to judgments, bills of review are always watched by courts of equity 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Ponsart v. Citicorp Vendor Fin., Inc.*, 89 S.W.3d 285, 288 (Tex. App.—Texarkana 2002, no pet.) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984) (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950))).

## III. Discussion

Much of the procedural background found in Latham's amended petition for bill of review was very similar to the background contained in his original petition. That said, in his amended petition, Latham maintains, for the first time, that he was never served with process in the underlying suit. Consequently, Latham contends that the trial court should set aside the

4

default judgment in favor of Thompson.[2]  Paragraph 6D of his amended petition reads, "On September 5, 2019[,] a Citation was issued and allegedly served upon Petitioner herein, Ronald Latham, on September 11, 2019.  However, *Petitioner Ronald Latham was not personally served on September 11, 2019*, or at any other time."  (Emphasis added).  He continues, "Petitioner denies that he was ever served and would certainly have recalled such a late night service because he goes to bed at 9:30 pm every night . . . ."

Latham also claimed that he had confused the underlying suit with another case involving the same parties that had been filed in the County Court at Law of Bowie County.[3]  He stated that he "believe[ed] that the Default Judgment had been entered in the same suit in which he had testified [in the County Court at Law of Bowie County, and he] presumed that he had been served with a Citation and the Amended Petition from the deputy sheriff that informed him to be in court."  Latham explained that "he had no copies of those papers [from the County Court at Law of Bowie County] in his possession to refer to or to give to his attorney in response to the notice of a Default Judgment."  Latham said that he "was confused because he had only been served once by a deputy sheriff and that is when he went to court and testified."  In other words,

---

[2]In his original petition for bill of review, paragraph 6 states, in relevant part, as follows:

> D.      Thereafter, on September 5, 2019, another Amended Petition was filed apparently adding Petitioner herein, Ronald Latham, as a party Defendant.  On September 5, 2019[,] *a Citation was issued and served upon Petitioner* herein, Ronald Latham, on September 11, 2019.

(Emphasis added).  In addition, Latham maintained that, when the judge of the county court at law allowed him to leave the courtroom after he testified, he was under the impression that he did not need to participate any further in the litigation.

[3]Thompson stated in his brief that he was also a defendant in *Brandon Blair, et al v. Chris Thompson*, cause number 19C1199-CCL in the County Court at Law of Bowie County, which was an appeal from a forcible entry and detainer proceeding filed originally in a justice of the peace court.

5

according to Latham, he believed that he had been served in the suit in which he had testified and that he had never been served with the underlying suit (cause number 19C0724-005). He had no evidence to support those contentions other than his affidavit.

In response, Thompson filed a supplemental motion for summary judgment, initially pointing out that a bill-of-review plaintiff, like Latham, had the burden of proving that he was not served with process. *See Seaprints, Inc. v. Cadleway Props., Inc.*, 446 S.W.3d 434, 439 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Caldwell v. Barnes* (*Caldwell II*), 154 S.W.3d 93, 96–97 (Tex. 2004)). Thompson argued that Latham did not demonstrate independent facts and circumstances to support his claim of lack of service. Thompson also maintained that he presented summary judgment evidence to show, as a matter of law, that Latham had been properly served. Specifically, Thompson attached to his supplemental motion an officer's return of service showing that Latham had been personally served with process at 9:58 p.m. on September 11, 2019.

"A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) (per curiam). The elements necessary to establish entitlement to an equitable bill of review are well established under Texas Law:

> To succeed by bill of review, the petitioner must ordinarily allege and prove three elements: a meritorious defense to the cause of action supporting the earlier judgment; which the petitioner could not assert because of the fraud, accident, or wrongful act of the opposing party, or official mistake; untainted by any negligence on the petitioner's part."

6

*Min v. Avila*, 991 S.W.2d 495, 500 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (citing *Caldwell v. Barnes* (*Caldwell I*), 975 S.W.2d 535, 537 (Tex. 1998)). But, "once a bill-of-review plaintiff proves the absence of service or the lack of notice . . . , the plaintiff is then relieved of proving the traditional bill-of-review elements and the court should grant plaintiff's bill of review." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 810 (Tex. 2012) (per curiam); *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988); *Caldwell II*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) ("Bill of review plaintiffs claiming non-service . . . are relieved of two elements ordinarily required to be proved in a bill of review proceeding."). "The third bill-of-review element is lack of fault or negligence . . . by the bill-of-review plaintiff." *Saint*, 416 S.W.3d at 102 (citing *Caldwell II*, 154 S.W.3d at 102). Consequently, a bill-of-review plaintiff alleging that he was not properly served still must prove the third bill-of-review factor, that is, "the judgment was rendered unmixed with any fault or negligence of [his] own." *Caldwell II*, 154 S.W.3d at 97. Lack of negligence is conclusively established if the bill-of-review plaintiff proves that he was never served with process. *Id.* at 97–98.

"There are no presumptions in favor of valid issuance, service[,] and return of citation in the face of a direct attack by bill of review on a default judgment." *Garza*, 166 S.W.3d at 811 (citing *Palomin v. Zarsky Lumber*, 26 SW.3d 690, 693 (Tex. App.—Corpus Christi 2000, pet. denied)). In *Garza*, the appellate court explained,

> Although the law makes no presumptions favoring validity of service in an attack on a default judgment, an officer's return is prima facie evidence of the facts recited therein. *Primate Constr.,* [*Inc. v. Silver*, 884 S.W.2d 151, ]152–53 [(Tex. 1994) (per curium)]. "The return of service is not a trivial, formulaic document. It has long been considered prima facia evidence of the facts recited therein." *Id.* (citing *Pleasant Homes v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex.

7

1989) (per curiam)); *Gatlin v. Dibrell*, 74 Tex. 36, 11 S.W. 908, 909 (1889) ("The return of the officer imports absolute verity, and was sufficient to authorize the rendition of judgment upon default."); *see also West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201, 206 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. *Primate Constr.*, 884 S.W.2d at 152; *West Columbia*, 902 S.W.2d at 206.

*Id.*

Here, Thompson attached to his supplemental motion for summary judgment a citation of personal service directed to Latham at 3602 Buchanan Road, Texarkana, Texas, 75501. The citation, which was filed on September 16, 2019, stated that Latham had been sued, and a copy of Thompson's second amended and restated petition and application for temporary injunction was attached to the citation. The officer's return of service showed that Latham was personally served at 3602 Buchanan Road on September 11, 2019, at 9:58 p.m. "by delivering to the within named Ronald Latham, in person a true copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery." The return was certified and signed by a Bowie County sheriff's deputy on behalf of Bowie County Sheriff James Prince.

Latham averred in his affidavit,

- I have reviewed the Plaintiff's Motion for Default Judgment filed in Cause # 19C0724-005 and the exhibits attached (filed Jan. 13, 2020). The Sheriff's Return filed September 16, 2019 states that I was personally served at 9:58 p.m. on September 11, 2019. I testified the day before on September 10, 2019 according to the Transcript of proceedings before Judge Craig Henry in the County Court at Law. I state under oath that I did not receive the citation and "Plaintiff's Second Amended and Restated Petition and Application for Temporary Injunction" on the night before my testimony in the County Court at Law the next day.[4] I have never

[4]Latham stated that he testified in the county court at law on September 10, 2019, and then claimed that he did not receive the citation "on the night before [his] testimony in the [c]ounty [c]ourt at [law] the next day." The return of

8

seen those documents until [they were] produced in this Bill of Review proceeding.

- I have never been a party to litigation in a civil suit, except for my recent divorce. I am unfamiliar with the different court[s] (District Courts (5th, 102nd, and 202nd) and the Bowie County Court at Law. . . . However, had I received a citation and the "Plaintiff's Second Amended and Restated Petition and Application for Temporary Injunction," I clearly would have taken it to an attorney and would have filed an answer.

- I have seen the Plaintiff's Motion for Default Judgment and the affidavits attached. (1) I dispute the truth of the Sheriff's Return of Service, (Exhibit A), (2) the Certificate of Last Known Address, (Exhibit B) which states that my last know[n] address is 3602 Buchanan Road. The transcript from the County Court at Law, Attached to the Motion for Summary Judgment, clearly shows that on the day before the Certificate of Last Known Address was filed, specifically September 10, 2019, I testified that my address where I receive my mail is at 3618 Buchanan Road. The following day after telling Scott Self[5] my correct address, [t]he Certificate of Last Know[n] Address was filed on September 11, 2019.

Yet, "a plaintiff's bare denial that he was served is inadequate to carry his burden in the face of a valid return of service." *Seaprints, Inc.*, 446 S.W.3d at 440 (citing *Min*, 991 S.W.2d at 501). As is the case here, "[i]n order to overcome a prima facie showing of service of process established by the recitals in the officer's return, the plaintiff must come forward with 'evidence of supporting facts and circumstances' to corroborate his denial." *Id.* (quoting *Min*, 991 S.W.2d at 501). "The prohibition against considering the challenger's evidence applies only if the evidence does not rise above mere denial of service, or mere denial of service buttressed only by the serving officer's inability to remember serving that particular party." *Id.* (quoting *Min*, 991

---

service shows that Latham was served on September 11, 2019, which would have been the day after he testified in the county court at law.

[5]Self was Thompson's attorney.

9

S.W.2d at 495). "Whatever the source of the evidence, the definitive test 'is whether it demonstrates independent facts and circumstances that support, and thus corroborate, the challenger's claim.'" *Id.* (quoting *Min*, 991 S.W.2d at 503).

In its order granting Thompson's supplemental motion for summary judgment, the trial court correctly noted that "[Latham]'s Affidavit did not state that he was at 3618 Buchanan Road or at a location other than 3602 Buchanan Road, the location where service occurred, at the time of service or even that he was not at 3602 Buchanan Road when service occurred." At best, Latham asserted that the "address where [he] receive[d his] mail [wa]s at 3618 Buchanan Road" and that his last known address had been changed to 3618 Buchanan Road the day after he testified in the county court at law and the day the sheriff's return showed he was served with Thompson's lawsuit. The fact that Latham did not receive his mail, or even reside, at 3602 Buchanan Road did not disprove Thompson's contention that Latham had been personally served at 3602 Buchanan Road.

Latham also explained in his affidavit that, with the exception of his former wife, "no other person [had] resided at [*his*] *residence* from before 2017 to . . . October 21, 2020." (Emphasis added). In addition, many of the statements in his affidavit were centered on his alleged confusion and his lack of experience with the court system. While all those statements may have been true, they did not amount to evidence to support his claim that he was never served with citation at 3602 Buchanan Road.

Latham's sole claim in his response to Thompson's motion for summary judgment was that Thompson failed to serve him with citation in the underlying lawsuit and that, therefore,

10

summary judgment in Thompson's favor was error.[6]  We conclude that Thompson produced prima facie evidence, in the form of a valid return of service, that Latham was, in fact, personally served with citation on September 11, 2019.  In turn, Latham was required to produce summary judgment evidence of independent facts to raise a question as to whether he was personally served.  Latham's summary judgment evidence consisted of (1) his own sworn affidavit that contained self-serving statements and numerous excuses;[7] (2) a letter addressed to Latham at the 3602 Buchanan Road address, along with a copy of Thompson's motion for default judgment, and an envelope stating that the letter was returned to sender unclaimed; and (3) a transcript of his testimony in the county court at law case.  Yet, none of those items demonstrated by a preponderance of the evidence that Latham was not personally served at 3602 Buchanan Road on September 11, 2019, at 9:58 p.m.  *See Caldwell II*, 154 S.W.3d at 98.  As a result, we find that the trial court did not err in granting summary judgment in favor of Thompson.

---

[6]In his response to Thompson's supplemental summary judgment motion, Latham referred the trial court to his first amended petition for bill of review, stating, "A meritorious defense to the claims of the Respondent are clearly set forth."  A review of his amended petition shows that approximately ten of its twelve pages addressed the issue of lack of service.  The remaining few pages seemingly addressed his defense to the merits of Thompson's underlying suit.  In particular, Latham claimed that he had "a meritorious defense," which "was not asserted due to a lack of service, and knowledge of a second suit being filed between the parties, and one in which he was made a party." Yet, beyond the self-serving statements in his attached affidavit, Latham failed to state, much less provide, evidence of his meritorious defense.

[7]Latham did not attach his affidavit to his response to Thompson's supplement motion for summary judgment.  It was, however, a part of the pleadings, Latham referred to it in his response, and the trial court considered the affidavit in making its ruling.

## III.    Conclusion

We affirm the judgment of the trial court.



Scott E. Stevens
Justice


Date Submitted:    April 14, 2022
Date Decided:      June 15, 2022